**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicolette Milum, | No. CV-20-08238-PCT-SPL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Nicolette Milum's Application for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial and an Opening Brief (Doc. 18). Defendant SSA filed an Answering Brief (Doc. 19), and Plaintiff filed a Reply (Doc. 20). The Court has reviewed the briefs and Administrative Record ("AR") (Doc. 13), and it affirms the Administrative Law Judge's ("ALJ") decision (AR at 13-26) for the reasons addressed herein.

**I.    Background**

Plaintiff filed an Application for SSDI and SSI benefits on May 17, 2018, alleging a disability beginning on June 1, 2010. (AR 13). Plaintiff's claim was initially denied on August 28, 2018, and upon reconsideration on November 7, 2018. (*Id*.) A hearing was held before ALJ Patricia Bucci on September 16, 2019. (AR 33-54). Plaintiff was 54 years old at the time of the hearing and held previous employment as a billing clerk and filing

clerk. (*Id.*) Plaintiff's Application was denied by the ALJ on November 8, 2019. (*Id.* at 26). Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision and this appeal followed. (Doc. 1).

Upon considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability claim based on the following severe impairments: obesity, diabetes mellitus, cervical degenerative disc disease with stenosis, and lumbar degenerative disc disease. (AR 16). While the ALJ noted that Plaintiff's severe impairments limited her ability to perform basic work activities, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work, and thus was not disabled.

Plaintiff argues the ALJ erred in failing to consider the opinions of four of her treating physicians, in discounting her subjective symptom testimony, and in determining that she had the RFC to perform light work. (Doc. 18). The Court has reviewed the medical record and will discuss the pertinent evidence in addressing the issues raised by the parties.

**II.     Legal Standards**

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett*

*v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. §404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

### III.   Analysis

Plaintiff raises three issues on appeal. (Doc. 18 at 3). First, Plaintiff argues the ALJ erred by rejecting opinions from her treating physicians, Drs. Tacheron, Powar, Lankenau, and Peterson. Second, Plaintiff argues the ALJ erred by rejecting her symptom testimony without a specific, clear, and convincing basis for doing so. Third, Plaintiff argues the ALJ's RFC finding conflicts with the opinion of the Vocational Expert. Plaintiff contends her case should be remanded for computation and award of benefits. *Id.*

As an initial matter, there appears to be a disagreement between the parties as to whether Plaintiff's SSDI Claim has been dismissed. Plaintiff argues that the ALJ erred in setting the alleged disability onset date of June 1, 2010, and in relying on evidence from 2010 through the date of the decision. (Doc. 18 at 15). Plaintiff argues she moved to dismiss her SSDI Claim at the hearing, and therefore, the "de facto" disability onset date should be May 17, 2018, the date she filed her SSI Application. (*Id.*) She further argues that any medical records prior to May 17, 2018 "would have tangential relevance at best." (*Id.*) The Commissioner argues that Plaintiff is mistaken, and that the ALJ did not dismiss

her SSDI Claim. Therefore, the Commissioner argues that the June 1, 2010 onset of disability date is correct for purposes of the evidence addressed by the ALJ. (Doc. 19).

The Court has reviewed the Record and finds that the ALJ denied Plaintiff's requests to dismiss the SSDI Claim and amend the onset of disability date, noting as follows:

> At the hearing, the claimant's representative made a motion to amend the onset date, thereby withdrawing the request for hearing on the Title II claim. However, the undersigned is concerned that the claimant does not understand the ramifications of an amended onset date, and therefore, the undersigned does not accept the representative's motion to amend the onset date.

(AR 13). Therefore, Plaintiff's argument that the ALJ wrongfully considered medical evidence from prior to the onset of disability date is unpersuasive.

**A.     The ALJ did not err in evaluating the medical opinion evidence.**

Plaintiff argues that the ALJ abused her discretion in failing to discuss the opinions of four of Plaintiff's treating physicians, Drs. Tacheron, Powar, Lankenau, and Peterson. (Doc. 18 at 3). The Commissioner argues that none of these physicians submitted medical opinions in this case, and thus, the ALJ was not required to discuss these physicians in determining Plaintiff's RFC. (Doc. 19 at 12).

Plaintiff's complaint seems to be that the ALJ did not specifically mention her physicians by name, nor discuss the relevancy of their medical opinions when deciding to rely on the opinions of the agency reviewing physicians. She argues this is reversible error. However, because Plaintiff applied for disability benefits after March 27, 2017, the ALJ applied the new set of regulations for evaluating evidence from medical providers. *See* 20 C.F.R. § 416.920c. These regulations eliminate the previous hierarchy of medical opinions, and the ALJ is not allowed to defer to or give specific weight to any medical opinions. In her Reply Brief, Plaintiff acknowledges that under the new Regulations, all medical opinions are on equal footing. (Doc. 20 at 3). However, Plaintiff argues that the ALJ should have discussed the opinions of Drs. Tacheron, Powar, Lankenau, and Peterson in the opinion.

The new regulations for considering physician opinions states as follows:

> We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources . . . The most important factors we consider when we evaluate the persuasiveness of medical opinions and prior administrative medical findings are supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section). We will articulate how we considered the medical opinions and prior administrative medical findings in your claim according to paragraph (b) of this section.

20 C.F.R. § 416.920c.

The regulations define "medical opinion" as "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions." 20 C.F.R. § 416.913(a)(2). All "other medical evidence" that an ALJ considers as part of the Administrative Record is defined as "evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. § 416.913(a)(3).

Here, Plaintiff argues that her physicians' findings of degenerative disk disease (AR 454), spondylosis (AR 495), central stenosis annular fissure (AR 484), bilateral neural foraminal stenosis (AR 813) and descriptions of epidural injection treatments (AR 805, 956, and 1438), are medical opinions that should have been discussed by the ALJ. However, Drs. Tacheron, Powar, Lankenau, and Peterson did not submit "medical opinions." 20 C.F.R. § 416.913(a)(2). What Plaintiff describes are her physicians' treatment notes, which fall under the definition of "other medical evidence." *Id.* Pursuant to the regulations, an ALJ is not required to discuss all submitted "other medical evidence." Nor is the ALJ required to discuss every physician who appears in the claimant's medical history. Rather, what is required is consideration of all "medical opinions" from treating physicians. 20 C.F.R. § 416.920c.

As these four physicians did not submit medical opinions, the ALJ did not err by

failing to specifically address each of them.[1]  There is no error here.

### B. The ALJ provided specific, clear, and convincing reasons supported by substantial evidence for rejecting Plaintiff's symptom testimony.

Plaintiff next argues that the ALJ did not give legitimate and convincing reasons supported by substantial evidence for discounting her subjective symptom testimony. (Doc. 18 at 6).  The Commissioner argues that the ALJ properly examined the medical evidence to determine that the record did not support Plaintiff's testimony as to the severity of her symptoms.  (Doc. 19 at 17).

An ALJ must evaluate whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged."  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal citations omitted)).  "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain."  *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).  However, the ALJ may "reject the claimant's testimony about the severity of [the] symptoms" provided that the ALJ also explains her decision "by providing specific, clear, and convincing reasons for doing so."  *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015).

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to produce the symptoms alleged, but that her statements concerning the intensity, persistence, and limiting effects of those symptoms were not consistent with the medical evidence, including her own statements.  (AR 21-24).

Plaintiff testified that she was unable to work, was unable to do much during the day other than lay in bed, and was no longer able to cook due to her back pain.  (AR 21). Contrary to Plaintiff's arguments that the ALJ committed error by only providing

---

[1] The Court notes that the ALJ did cite to numerous treatment records of the physicians Plaintiff identifies, even if the ALJ did not mention those physicians by name.

- 6 -

boilerplate language to discount her testimony, the ALJ provided numerous reasons for discounting Plaintiff's symptom testimony. The ALJ noted that Plaintiff told a treatment provider in 2018 that she had been going out of town a lot and had been busy taking care of elderly relatives. (AR 949). Moreover, the ALJ noted that in 2019, Plaintiff told a treatment provider that she wasn't coming to her appointments as often because she was busy taking care of her mother-in-law who was ill. (*Id*. at 945). Plaintiff described her daily activities to include leaving the house two to three times per day, going out with friends and family, shopping, household chores, and cooking. (*Id*. at 397, 746-47, 754). She also stated that she drives a car, likes to go dancing, goes to the Elks club with friends several nights a week, and goes camping. (*Id*. at 286-87, 748). The ALJ also discussed treatment records showing that Plaintiff responded well to steroid injections (*Id*. at 369) and was walking well and had decreased pain after back surgery in March of 2018. (*Id.* at 551). The ALJ determined that Plaintiff's treatment notes, along with her own statements regarding her daily activities, were inconsistent with her testimony that she was unable to do any work because she had to lay in bed all day.

Plaintiff also focuses on the ALJ's use of the term "routine treatment" to try to convince the Court that her treatment—which included steroid injections and back surgery—was not routine. However, the definition of treatment is not relevant here. The ALJ provided many specific reasons from the medical evidence and from Plaintiff's own statements to discount her testimony as to the severity of her symptoms. The Court finds that the ALJ provided specific, clear, and convincing reasons for discounting Plaintiff's symptom testimony. *See Brown-Hunter*, 806 F.3d at 488–89. Therefore, the ALJ did not commit error.

**C.     The ALJ's RFC finding is consistent with the evidence of record.**

Plaintiff briefly argues that the vocational expert's testimony required the ALJ to find that she was unable to do any past work, other than that of a Mail Clerk. (Doc. 18 at 5). This is based on the vocational expert's statement that Plaintiff would be able to work in her past role as a Mail Clerk, even though the vocational expert had previously identified

Plaintiff's possible jobs as Order Clerk, File Clerk, and Billing Clerk. Therefore, Plaintiff argues it was material error for the ALJ to determine that Plaintiff could perform past work other than that of a Mail Clerk. (*Id.*) Plaintiff cites to no legal authority or evidence in the record to support her argument.

After a thorough review of the medical evidence and testimony of record, the ALJ determined that Plaintiff had the RFC to perform light work. (AR 21-25). Next, the ALJ compared the RFC with the physical and mental demands of the work described by the vocational expert and determined that Plaintiff was able to return to her past relevant work. (AR 25-26). These findings were rational based on the evidence of record. Therefore, the ALJ's RFC finding must be upheld. *See Thomas*, 278 F.3d at 954 ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

**IV.  Conclusion**

The Court finds that substantial evidence supports the ALJ's nondisability determination. The ALJ properly considered the medical evidence of record and properly discounted Plaintiff's symptom testimony by providing specific, clear, and convincing reasons supported by substantial evidence. Therefore, the Court finds that the ALJ did not err in her decision, which is based on substantial evidence. *See Orn*, 495 F.3d at 630.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the ALJ is **affirmed**. The Clerk of Court is directed to enter judgment accordingly and dismiss this action.

Dated this 5th day of October, 2021.

Honorable Steven P. Logan
United States District Judge